JANUARY TERM, 1883.　No. 228.　　　MARCH 26, 1883.

## Elkins *v.* The Susquehanna Mutual Fire Insurance Company.

Where a point of law has been reserved at the trial, but neither the point reserved nor the facts upon which it arose were stated on the record, it is error for the Court to subsequently enter judgment on the point, *non obstante veredicto.*

Before MERCUR, C. J., and GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas, No. 2, for the City and County of *Philadelphia.*

*Assumpsit* by William L. Elkins, trading as William L. Elkins & Company, against the Susquehanna Mutual Fire Insurance Company, of Harrisburg, upon a policy of fire insurance.

There was no bill of exceptions, but from the notes of testimony taken at the trial in the Court below, before HARE, P. J., the following facts appeared:

The plaintiff's testimony was that Robert Crane was agent for the defendant, for certain purposes, at the time the policy was issued. The company wrote the policies and returned them to him; he had no certificate of appointment as agent; he received applications for insurance, and those he approved he sent off to the companies, among others to the defendant; he received an application from T. J. Lancaster, an insurance agent acting for the plaintiff, and forwarded it to the defendant; he received the policy in return, recorded it in his books, and delivered it to Lancaster; he had a running account with Lancaster, who paid him, March 8, 1881, $100, and on March 15, 1881, $102 02, the balance of the account; he sent the defendant a check for the premiums, which was declined; the fire occurred March 9, 1881.

The secretary of the company testified that Crane was never authorized to act as agent in any way; the company never received the premium upon the policy; the policy was not sent to Crane as an agent; it was sent to him just as to the assured; he was allowed a rebate on the premiums received through him.

The policy provided, *inter alia*:

[Elkins v. The Susquehanna Mutual Fire Insurance Company.]

"This company shall not be liable by virtue of this policy, or any renewal thereof, until the premium therefor be actually paid and the deposit is made."

Counsel for the defendant asked the Court to charge, *inter alia:*

I. "That under the terms of the policy, the company, defendant, would not be liable thereon until the premium was actually paid and the deposit made, and that there is no evidence in this case that the premium was so paid or deposit made, and, therefore, the policy never took effect, and the plaintiff cannot recover."

Upon this point the Court said:

"First point is declined, but I reserve the question that there is no evidence."

The docket entries contained the following:

"December 5, 1882. Verdict for plaintiff, $771 01."

And also the following:

"December 29, 1882. Rule discharged, and judgment for defendant on point reserved."

The plaintiff then took this writ of error, assigning as errors, *inter alia,* that the Court erred in entering judgment on the point reserved.

*Charles B. McMichael* and *Alexander P. Colesberry* for plaintiff in error.

The points reserved do not appear upon the record in any way, and did not when judgment was entered in the Court below. The record merely shows a verdict for plaintiff for $771 01. It was therefore error to enter judgment for the defendant; judgment should have been entered for plaintiff or a new trial granted: See Ferguson *v.* Wright, 61 Pa., 262; Winchester *v.* Bennett, 4 P. F. S., 510.

*James C. Sellers* for defendant in error.

The reservation does not appear upon the record. The points reserved were all points submitted by the defendants and appear in the charge of the Court. The record shows a judgment upon these points, and the judgment of the Court upon them *non obstante veredicto.* It is expressly entered "on points reserved:" Koons *v.* Telegraph Company, 12 W. N. C., 49. The legal presumption is that the judgment is right: Miller *v.* Hershey, 9 P. F. Smith, 64.

APRIL 30, 1883.—The opinion of the Court was delivered by STERRETT, J.:

The act of March 28, 1835, Purd., 497, pl. 21, now applicable to the Common Pleas of Philadelphia county, authorizes the judge presiding, "when he thinks it expedient, to reserve questions of law, which may arise on the trial of a cause, for the consideration of all the judges of said Court sitting together." The object of this departure from the common law mode of procedure, was to enable the judge conducting the trial to submit disputed questions of fact to the jury and take their verdict. if in favor of the plaintiff, subject to the opinion of the Court in *banc* on the cardinal question or questions of law involved in the case ; so that, after due consideration, judgment may be finally entered by the Court, either in favor of the plaintiff, on the verdict, or for the defendant, notwithstanding the verdict, as the case may require. The reservation of controlling legal questions, which cannot be fully considered during the hurry of trial, is the act of the Court, and should always be made matter of record at the time. It is accordingly said by Mr. Justice Black, in Irwin *v.* Wickersham, 1 Casey, 316: "If a point of law be reserved on the trial of a cause, the point, and the facts upon which it arises, must be stated on the record, in order to authorize the Court to enter judgment *non obstante veredicto.*" The judgment in every such case necessarily depends on a proper application of the law to the state of facts out of which the reserved question arises ; and hence the necessity for stating upon the record the facts as well as the questions of law arising therefrom. When a verdict is taken subject to the opinion of the Court in *banc,* "the facts upon which the questions of law arise should be found by the jury, or agreed upon by the parties, and should be distinctly stated, and the judgment to be pronounced upon their solution should also be specifically stated : " Robinson *v.* Myers, 17 P. F. Smith, 18. The same principle is recognized in several other cases, among which are, Wilson *v.* Steamboat Tuscarora, 1 Casey, 317 ; Winchester *v.* Bennett, 4 P. F. Smith, 510 ; Wilde *v.* Trainor, 9 *Ib.,* 439 ; Ferguson *v.* Wright, 11 *Ib.,* 258. In the latter it is said, " every reservation of a question should place distinctly upon the record what the point reserved is, and the facts out of which it arises." It is both reasonable and necessary that it should be so, because, in addition to what has been said, the parties have a right to except not only to the judgment on the reserved question, but also to the manner in which it may be reserved. This cannot be satisfactorily done, nor can the judgment be properly re-

viewed, unless the reservation, substantially in the form above suggested, is distinctly made part of the record. In the record before us the verdict, as recorded, is absolute, not subject to the opinion of the Court in *banc.* The entry of "judgment for defendant on point reserved" is the first and only thing on the record to indicate that a point or question of law was in fact reserved. Assuming that it might be inferred from that entry that a point was reserved, there is nothing whatever to indicate what the question was, or the facts upon which it arose. It is suggested that these matters are sufficiently shown by the notes of trial. These notes are no part of the record, but if they were they would fail in this particular case to furnish such evidence of a proper reservation as the record itself should exhibit. In the case mainly relied on by defendant in error, Miller *v.* Hershey, 9 P. F. Smith, 64, the reserved question was distinctly set forth on the record. What is there said in regard to presumptions in favor of the regularity and legality of judgments, contrary to the verdict, was foreign to the questions involved in that case, and cannot be regarded as authority for a proposition that would be in direct conflict with the authorities above cited, and contrary to the true intent and meaning of the act above referred to. It is unnecessary to consider questions, intended to be raised, touching the merits of the case. In the absence of anything upon the record to show what the point reserved was, or the facts upon which it arose, we think the learned Court erred in entering judgment for defendant *non obstante veredicto.*

Judgment reversed, and a *venire facias de novo* awarded.